**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DW AINA LEʻA DEVELOPMENT, LLC, | No.    17-16280 |
| Plaintiff-Appellant, | D.C. No.<br>1:17-cv-00113-SOM-RLP |
| v. | |
| STATE OF HAWAII LAND USE<br>COMMISSION; DOES, Governmental<br>Units, 1-10; STATE OF HAWAII, | MEMORANDUM<sup>*</sup> |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted February 12, 2019
Submission Withdrawn March 7, 2019
Resubmitted January 22, 2021
University of Hawaii Manoa

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Plaintiff/Appellant DW Aina Leʻa Development (DW) appeals the district

court's dismissal of its takings claims under both the United States and Hawaiʻi

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Constitutions as time-barred. Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We reverse in light of the Hawaiʻi Supreme Court's recent answer to our certified question.

Following oral argument, we certified the question regarding the applicable statute of limitations for a takings claim brought under the Hawaiʻi Constitution. The state court has now answered that question, holding that "the statute of limitations for a regulatory taking is six years, pursuant to the catch-all statute of limitations in Hawaiʻi Revised Statutes (HRS) § 657-1(4)." *DW Aina Leʻa Dev., LLC v. Haw. Land Use Comm'n*, __P.3d__, No. SCCQ-19-0000156, 2020 WL 7394265, at *1 (Haw. Dec. 17, 2020). In light of the Hawaiʻi Supreme Court's judgment, we vacate the district court's dismissal of DW's state takings claim.

We also vacate the district court's dismissal of DW's federal takings claim. There is no federal statute of limitations for federal takings claims brought against a state. When, as here, there is no "controlling federal limitations period, the general rule is that a state limitations period for an analogous cause of action is borrowed and applied to the federal claim, provided that the application of the state statute would not be inconsistent with underlying federal policies." *Cnty. of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 240 (1985). In this case, the most

2

analogous cause of action would be an inverse condemnation action under state law, which—as discussed—the Hawaiʻi Supreme Court just informed us has a six-year statute of limitations. Applying the six-year statute of limitations, then, DW's state and federal takings claims are timely.

**REVERSED AND REMANDED.**